UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:25-cv-22-LLK

STEPHEN W. NAGEL                                                    PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security                                    DEFENDANT

MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
MOTION FOR 42 U.S.C. § 406(b) ATTORNEY'S FEES [DN 16]

This matter is before the Court upon the Motion for Attorney's Fees filed by Plaintiff's

counsel Michael Mann pursuant to 42 U.S.C. § 406(b). [DN 16]. Counsel seeks this Court's

approval of a § 406(b) attorney fee in the amount of $13,487.00[1] for 32 hours spent litigating this

case in federal court. [DN 16]. Counsel's Motion is supported by four exhibits: the December 8,

2025, Notice of Decision -- Fully Favorable letter from the Social Security Administration [DN

16-1]; the January 13, 2026, Notice of Award from the Social Security Administration [DN 16-2];

the October 20, 2022, Attorney-Client Contract (Fee Agreement) [DN 16-3]; and a verified

timesheet reflecting 32 hours of counsel's billable time spent litigating this case in federal court.

[DN 16-4].

The Commissioner has filed a Response indicating that he "neither supports nor opposes

counsel's request for attorney's fees in the amount of $13,487.00 under 42 U.S.C. § 406(b)." [DN

17]. The Commissioner did not offer the usual commentary regarding the activities billed and/or

---

[1] This number reflects 32 hours billed at $425 per hour ($13,600.00) less $113.00, keeping counsel's total 406(a) ($9,200.00) and 406(b) ($13,487.00) fees sought at 25% ($22,687.00) of Plaintiff's past due benefits of $90,748.00 and no greater. [DN 16] at 3.

the hourly rate. Of note to the Court are the Amended Stipulation/Agreed Order for Award of Attorney Fees Under the Equal Access to Justice Act in the amount of $6,100.00 fees and $405.00 costs dated July 27, 2025 [DN 15], and counsel's Supplement to this 406(b) Motion for Attorney Fees [DN 18] which confirms that EAJA fees of $5,031.80 were paid to counsel on August 20, 2025. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge to determine this case, with any subsequent appeal to be filed directly to the United States Court of Appeals for the Sixth Circuit. [DN 6].

For the reasons stated below, the Court will GRANT counsel's Motion, in part, approving a 406(b) attorney's fee of $12,962.50.

## I.  <u>PROCEDURAL HISTORY</u>

With the assistance of Attorney Mann, on August 25, 2022, Plaintiff sought Disability Insurance Benefits with the Social Security Administration. When efforts at the administrative level and Appeals Council were unsuccessful, Plaintiff filed a Complaint in this Court on February 20, 2025, seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Final Decision of the Commissioner denying his claim for Social Security Disability Insurance Benefits. [DN 1]. On June 3, 2025, the parties agreed to a Sentence 4 Remand of the case to the Social Security Administration for further consideration pursuant to 42 U.S.C. § 405(g), and the Court entered an Order of Remand [DN 11] and Judgment [DN 12] on June 3, 2025. Thereafter, the parties agreed to a stipulated Equal Access To Justice Act fee of $6,100.00 and $405.00 in costs, and this Court entered the Amended Stipulation/Agreed Order tendered by the parties on June 27, 2025. [DN 15]. Upon remand, the Social Security Administration issued a fully favorable Decision, awarding Plaintiff past due benefits of $90,748.00. Twenty-five percent or $22,687.00 was withheld by the

Social Security Administration for representatives fees. [DN 16-2] at 4. Local Social Security Attorney Michael Mann has filed this Motion for Attorney's Fees seeking approval of an attorney fee of $13,487.00. [DN 16-4].

## II.  APPLICABLE LAW

There are three statutory provisions that address payment of attorney fees for representatives of claimants in Social Security appeals. The Equal Access to Justice Act ("EAJA") is a fee-shifting statute that authorizes an award of attorney's fees against government agencies— including the Social Security Administration—unless the government's position was "substantially justified" or there are special circumstances that would make the award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). EAJA fees are typically sought at the time a successful claimant receives a remand from the federal court back to the Social Security Administration.[2] The second statutory provision—42 U.S.C. § 406(a)—covers work performed by the claimant's representative at the administrative level. The third statutory provision, which is applicable in the present case, is found in 42 U.S.C. § 406(b). Under 406(b), a court may allow, as part of its judgment, "a reasonable fee … not in excess of 25 percent of the … past-due benefits" awarded to the claimant. Attorney's fees under 406(b) are typically sought when a claimant's case was remanded to the Commissioner from the federal court, and a favorable decision awarding benefits results from that remand.

Thus, when a social security claimant receives a favorable judgment, their attorney may be awarded a reasonable fee. As the Commissioner's Response notes, it is for the Court to decide if a request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law, *Gisbrecht v.*

---

[2] When an attorney receives fees under both the EAJA and 406(b), the attorney must refund the smaller fee awarded to the claimant. *Gisbrecht v. Barnhart*, 535 US 789, 796 (2002).

*Barnhart*, 535 U.S. 789, 809 (2002). In *Gisbrecht*, the Supreme Court held that to prevail under § 406(b), plaintiff's counsel must show, and the Court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered: Section 406(b) "does not displace contingency-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807.

As another district court within the Sixth Circuit put it, to determine whether an award under § 406(b) is reasonable, "a ceiling-floor approach guides the way." *Hensley v. Comm'r of Soc. Sec*., No. 3:18-CV-00223, 2021 WL 117911, at *2 (S.D. Ohio Jan. 13, 2021). The ceiling is 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with 406(b)'s 25%-cap." *Lasley v. Comm'r of Soc. Sec*., 771 F.3d 308, 309 (6th Cir. 2014). The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1991). A hypothetical rate that is less than twice the standard rate is *per se* reasonable. *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421).

Courts must review these contingency arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The attorney seeking the fee has the burden of demonstrating that the amount sought is reasonable for the services rendered. *Id*. Courts are left to consider arguments for attorney's fees amounts which fall between the double-the-standard-rate floor and below the 25% statutory ceiling. As Judge Beaton in this district recently opined, district courts have discretion to reduce fees, even fees unopposed by the Commissioner. *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky. April 29, 2025). *Williams* instructs that courts in the Sixth Circuit have a duty to independently

assess unopposed § 406(b) fees with care and are not barred from reducing such fee awards when they conduct "an individualized analysis of the circumstances of the case," *Id.* at *2 (citing *In re Horenstein*, 810 F.2d 73, 75 (6th Cir. 1986)):

> The district court's role is not just a matter of discretion. Supreme Court precedent requires district courts to scrutinize fee agreements: "Although the contingency agreement should be given significant weight in fixing a fee, a district judge *must* independently assess the reasonableness of its terms." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (emphasis added) (quoting *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)). A court that passively accepts a fee agreement doesn't just fail to exercise discretion—it fails to discharge its duty of independent review.

*Williams* at *2-3.

The Sixth Circuit recently had occasion to address contingency-fee agreements for § 406(b) fee awards in *Tucker v. Commissioner*, 136 F.4th 639 (6th Cir. 2025), and reiterated that contingency-fee agreements within the twenty-five percent cap are afforded a rebuttable presumption of reasonableness; nevertheless, if a court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons for those deductions. *Tucker* at 643 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). According to *Tucker,* "[d]eductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

Using this framework, judges in this District have followed a four-step analysis to evaluate the reasonableness of a § 406(b) attorney fee award:

> First, the court should acknowledge the contingency fee arrangement and Section 406(b)'s 25% ceiling on attorney's fees. Second, the court should consider "the effective hourly rate 'as one relevant factor in determining the reasonableness' of the contingency fee." The hypothetical hourly rate is calculated by dividing the contingency fee amount (generally 25% of the past-due benefits award) by the number of hours reportedly worked. Third the court may consider other factors,

such as "counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." Fourth, the court must then, in its discretion, determine if counsel carried its burden of demonstrating the contingency fee was reasonable.

*Lewis v. Kijakazi*, No. 1:19-cv-00183-GNS-LLK, 2023 WL 395793, at *2 (W.D. Ky. Jan. 25, 2023) (quoting *Calendaria v. Comm'r of Soc. Sec.*, No. 5:17-cv-00016-GNS-LLK, 2020 WL 4728773, at *5 (W.D. Ky. August 14, 2020)).

### III.  DISCUSSION

Plaintiff's counsel Michael Mann is a Social Security disability practitioner in Paducah, Kentucky, and one of few remaining local attorneys whose practice includes Social Security appeals to the federal court. He entered into a presumptively reasonable contingency fee agreement with his client for no more than 25% of any past-due benefits recovered for his work. [DN 16-3]. Counsel indicates that his representation of Mr. Nagel "spanned over 3 years and, in addition to achieving a remand from this Court, involved preparation for and representation at 2 administrative hearings, numerous meetings and phone calls with Stephen W. Nagel, and the acquisition and submission of voluminous medical evidence, totaling 1580 pages in the Administrative Record." [DN 16] at 3. Notably, Mr. Nagel has not filed an objection to the fee sought by his attorney, nor has the Commissioner voiced concerns about the hourly rate and/or the number of hours billed.

However, time spent preparing and filing a motion for attorney fees is not compensable under 42 U.S.C. § 406(b).[3] Accordingly, the Court will deduct the last time entry of 1.5 hours for

---

[3] Attorneys are not to be compensated for time spent preparing the motion for fees under § 406(b), as preparation of the motion is not representation of the claimant before the court. 42 U.S.C. § 406(b)(1)(A); *Wummel v. Comm'r of Soc. Sec.*, No. 12-14860, 2016 WL 245287, *2 n.2 (E.D. Mich. Jan. 21, 2016); *Ballatore v. Comm'r of Soc. Sec.*, No. 11-15335, 2015 WL 5830836, *10 (E.D. Mich. Aug. 5, 2015); *Amburgey v. Colvin*, No. CV 5:08-335-DCR, 2016 WL 2859611, at *2 (E.D. Ky. May 16, 2016).

time spent preparing and filing the motion for attorney's fees from the total 32 hours billed. Based upon the adjusted 30.5 hours billed, and the hourly rate of $425/hr. sought by counsel, the resulting 406(b) fee calculation is $12,962.50. The Court finds no issue with the remaining hours billed by counsel. The Court will next consider the $425 hourly rate sought by Plaintiff's counsel in light of the market where this action was filed—the Western District of Kentucky. *Hayes*, 923 F.2d at 422. "For the standard rate, courts in this district have used an EAJA rate of $140 as the comparator for *per se* reasonableness." *Williams*, 2025 WL 1233215, at *3 (citing *Philpott v. Commissioner of Social Security*, No. 3:15-cv-554, 2021 WL 2109225, at *4 (W.D. Ky. May 25, 2021)). The hypothetical hourly rate sought in this case is more than twice the standard EAJA rate of $140 (it is roughly 3 times the EAJA hourly rate); therefore, it is not *per se* reasonable.[4] In this instance, the Court's inquiry "may include consideration of factors such as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel." *Broxton v. Commissioner*, No. 2:19-cv-13595, 2024 WL 2863295, at *1 (E.D. Mich. Apr. 4, 2024) (citing *Gisbrecht*, 535 U.S. at 807-08, 122 S.Ct. 1817).

The Court notes that the quality of representation and results achieved were excellent in this case. Plaintiff's counsel billed an adjusted 30.5 hours in order to achieve a highly favorable result for his client. Nonetheless, an attorney seeking the fee under a contingency fee agreement bears the burden of demonstrating that the amount sought is reasonable for the services provided. *Gisbrecht*, 525 U.S. 789, 807. This Court has approved attorney fee rates in the range of $420-$500/hour in the 406(b) context, depending upon the experience level of the attorney and the additional information provided to support a billable rate above $280 per hour. Plaintiff's counsel

---

[4] Using the EAJA fee rate of $140, twice that amount at $280 x 30.5 hours billed in this case before the federal court would mean that a 406(b) fee of $8,540.00 is *per se* reasonable in this case.

indicates that he has experience handling Social Security disability cases since 2021, and that $425 per hour is fair and reasonable compared to the hourly rates charged by other attorneys of comparable experience. Counsel has not filed evidence into the record[5] pertaining to his usual and customary hourly rate for non-contingency fee-related legal work, nor has he argued that the billable hourly rates in this area are in excess of the standard $140 per hour used to calculate EAJA fees within this district. However, the fact that counsel was successful in obtaining a favorable decision upon remand is noteworthy, particularly given that the odds of obtaining a remand in federal court and then winning before an ALJ are "far less than 50% according to recently published data." *Williams v. Comm'r of Soc. Sec.*, 780 F.Supp.3d 709, 714 (W.D. Ky. 2025). These facts speak to the expertise of the practitioner as well as the complexity of Plaintiff's case.

In recent cases in this Court, attorneys with decades of Social Security experience have been allotted a hypothetical hourly rate of $500 per hour in 406(b) cases.[6] Attorney Mann seeks $425 per hour, which is well-within the range of fees awarded to other attorneys with his level of Social Security experience. While this Court reluctantly inserts itself into the contingency fee agreement between counsel and their client, both Sixth Circuit and Western District of Kentucky precedent interpreting the rebuttable presumption of reasonableness in contingency-fee agreements under 42 U.S.C. § 406(b) requires that it do so. Based upon counsel's representations in his Motion for Attorney's Fees, counsel will also be seeking attorney fees for the work performed before the Social Security Administration for his time expended at the agency level.

---

[5] In recent 406(b) fees requests within this District, requesting attorneys have provided information on their background and experience: years of specialized practice; the numbers of cases litigated at the agency, federal district court, and circuit court; involvement in national disability attorney organizations and trainings; accolades received on the local, regional and national level; and reference to national civil litigation attorney fees matrices.

[6] In recent cases in this district, associates with less than five years' experience have been allotted a hypothetical hourly rate of $420 an hour, with more experienced attorneys allotted $460, and those with decades of experience being allotted $500 per hour. *Kishbaugh v. Saul*, No. 4:17-CV-00107-HBB, 2019 WL 3483163 (W.D. Ky. July 31, 2019); *Lewis v. Kijakazi*, No. 1:19-CV-183-GNS 2023 WL 395793 (W.D. Ky. January 25, 2023) *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky. April 29, 2025).

Nothing in this Memorandum Opinion and Order should be construed to mean this Court believes the attorney fee for his work before the Agency should be reduced.

### IV. **CONCLUSION**

Having considered the Motion filed by Plaintiff's counsel for the allowance of a fee for services rendered in connection with the prosecution of this action in this Court under 42 U.S.C. § 406(b) [DN 16] and the Commissioner's Response indicating no objections [DN 17],

**IT IS HEREBY ORDERED** that counsel's Motion for Attorney's Fees is **GRANTED**, in part. Plaintiff's counsel, Michael Mann, is awarded a fee for services in the amount of $12,962.50 under 42 U.S.C. § 406(b) to be paid out of Plaintiff's past due benefits in accordance with agency policy.

**IT IS FURTHER ORDERED** that Counsel shall reimburse Plaintiff for the $5,031.80 awarded and received for services under the Equal Access to Justice Act (EAJA) upon receipt of payment of the 406(b) fee of $12,962.50.

June 23, 2026

**Lanny King, Magistrate Judge**
**United States District Court**